.SOLOMON COOLEY *v.* L. BRAINERD, JOSEPH CLARK AND JOHN G. SMITH.

*Railroads.    Pleading.    Statute.*

This action was brought to recover for cattle run over and killed on a railroad occupied and used by the defendants. The declaration alleged that the cattle were killed by reason of the want of cattle guards and fences where the road crossed the plaintiff's farm and at the plaintiff's farm crossings on his land, but it did not allege that the defendants were a railroad corporation, but only described them as being in the possession, use and occupation of said railroad as individuals, without stating that they were the agents of a railroad corporation, or in what character or capacity they were using the road, and it was held that so far therefore as the counts were based on the neglect of the defendants to maintain fences and cattle guards they were insufficient, not coming within the words of the statute, § 47, ch. 28, G. S.

If it were alleged that the defendants were trustees, mortgagees or lessees, in exclusive possession, use and occupancy of the road, holding it from and under a railroad corporation, it probably would be sufficient. In such case they would stand in the place of the corporation, exercising its rights, and consequently burdened with its duties.

But it was alleged in the same counts that the defendants by their servants so carelessly, &c., drove, &c., their locomotive, that by and through the carelessness, &c., the locomotive ran against and killed the plaintiff's cattle. *Held*, that this showed a good cause of action at common law.

ACTION ON THE CASE to recover for cattle killed on the defendants' railroad by being run over at farm crossings. The defendants demurred to the declaration.

The first count in the declaration set forth that " before and at the time of committing the grievances hereinafter mentioned, to wit on the 11th day of October, A. D. 1859, to wit at Milton aforesaid, the defendants were, have been, and still are, in the possession, use and occupation of a certain railroad known as the Vermont and Canada Railroad, running and extending from a certain place, to wit, Essex Junction, in the county of Chittenden, and state of Vermont, in a northerly direction through the town of Milton and across a certain farm of the said plaintiff, owned and occupied by him, in said Milton, county and state aforesaid, to a point on the western shore of Grand Isle County, said railroad so passing through said town of Milton as aforesaid, and passing through and over said farm in said Milton, owned and occupied by said plaintiff at the time of committing the grievances hereinafter mentioned, to wit, on    *    *    *    *

and by means of said railroad so passing through and over said farm of the said plaintiff, cut said farm into two parts, and over which said railroad and through said plaintiff's farm the said defendants, at the time of committing the grievances hereinafter mentioned, to wit, on  *   *   *   were then and there engaged in using, running and operating said railroad for the transportation of freight and passengers by steam power thereon with divers engines, cars and machinery." Then follows a statement in respect to the crossings across said railroad from one part of the farm to the other, and so used by the plaintiff, " with the knowledge and consent of the said defendants, and the defendants by reason of their so occupying, possessing and using said railroad through the plaintiff's farm as aforesaid, were bound to make and maintain good and sufficient fences along the sides of said railroad where the same passed through the said plain-tiff's farm and lands, and also bound to make and maintain good and sufficient fences by the sides of said farm crossings, and also bound to make and maintain good, suitable and sufficient cattle guards on both sides of each crossing to prevent the plaintiff's cattle and other animals from getting into and on the said railroad, all which the defendants, wholly disregarding their duty in that behalf, had neglected to do, to wit, on"  *   *   *   then follows the statement in respect to the cattle, " which said cattle then and there without the fault, will or knowledge of the said plaintiff and by reason of the said defendants so neglecting to make and maintain good and sufficient fence by the sides of said railroad and crossings where said railroad pasess through said plaintiff's farm, and to make and maintain suitable and sufficient cattle guards at said farm crossings, escaped from said pasture, and went upon said railroad so used, occupied and possessed by said defendants, at said Milton aforesaid, and the said defendants then and there were in the possession, use and occupation, of a certain steam engine called a locomotive, which said engine was then and there running upon said railroad, in the business of said defendants, under the care, government and direction of certain servants of them the said defendants, and the plaintiff's said cattle so being upon said railroad the defendants by their said servants so carelessly, negligently and improperly drove, ran and used their said locomotive

in and along said railroad, that by and through the carelessness, neg-
ligence and improper conduct of the said defendants by their said
servants in that behalf, said locomotive    *    *    *    killed both of
said cattle."

The second count stated that "before and at the time of commit-
ting the grievances hereinafter mentioned, to wit, on the 1st day of
October, A. D. 1860, to wit at Milton, the said defendants were and
have been and still are in the possession, use and occupation of a
certain railroad known as the Vermont and Canada Railroad, run-
ning," &c., as stated in the first count; and "at the time of commit-
ting    *    *    *    *    were then and there engaged in using, running
and operating said railroad for the transportation of freight and pas-
sengers by steam power thereon with divers engines, cars, and ma-
chinery."

Then follows the allegations in respect to the crossings, and that
they had been used, &c., "with the knowledge and consent of the
said defendants, and the said defendants by reason of their occupying,
possessing and using said railroad through the plaintiff's farm as
aforesaid, were bound to make and maintain good and sufficient fence
along the sides of said railroad where the same passed through the
said plaintiff's farm and lands, and also bound to make and maintain
good and sufficient fence by the sides of said farm crossings, and
also on both sides of each of said farm crossings to make and main-
tain suitable and sufficient cattle guards to prevent the plaintiff's
cattle and other animals from getting into and on to said railroad, all
which the defendants wholly disregarding their duty in that behalf
had neglected to do,"    *    *    *    and after statements in respect to
ownership of the cattle, &c., it proceeds, "and the said defendants
were then and there in possession, use and occupation of a certain
other steam engine, called a locomotive, which said engine was then
and there running upon said railroad in the business of said defend-
ants under the care, government and direction of certain servants of
them, the said defendants, and the plaintiff's said cattle so being upon
said railroad, the defendants by their said servants so carelessly,
negligently and improperly drove, ran and used their said locomotive,
on and along said railroad, that by and through the carelessness,

negligence and improper conduct of the defendants by their said servants in that behalf, said locomotive ran," &c., " and killed each of said cattle," &c.

The third count claimed that by reason of the defendants' wrongful and wilful neglect to build and maintain sufficient fence and suitable and sufficient cattle guards at said farm crossings, the plaintiff has been obliged to lay out and expend large sums of money to procure servants to guard and watch such cattle and horses while driving them and his teams over and across said railroad from one part of the plaintiff's farm to the other, to prevent their straying and strolling upon said railroad track, &c.

At the September Term, 1864, PIERPOINT, J., presiding, the court *pro forma* adjudged the declaration insufficient, and rendered judgment for the defendants,—to which the plaintiff excepted.

*S. H. Davis* and *E. J. Phelps*, for the plaintiff.

I.   The first two counts in the declaration are unquestionably sufficient on general demurrer. They state such facts as constitute a complete right of action in the plaintiff, for the loss of the cattle. 1.   For insufficiency of fences. 2.   For negligent management of the trains by which the cattle were killed.

II.   The third count is also sufficient. 1.   The charter under which the defendants are acting, requires them to fence the road. Acts of 1850, p. 68. And the general railroad law requires them to maintain cattle guards at all fence crossings. C. S. p. 226, § 47 ; *Nelson* v. *Vt. & Can. R. R. Co.*, 26 Vt. 717. 2.   For a breach of the duty thus imposed, they are liable to an action for any damages sustained thereby, upon common law principles, irrespective of the liability created by the statute in certain cases. This is a general rule, especially where the duty arises from a grant which is the source of emolument to the grantees. *Sawyer* v. *R. & Bur. R. R. Co.*, 27 Vt. 370 ; *Mayor of New York* v. *Furze*, 3 Hill, 612.; *Bailey* v. *Mayor of New York*, 3 Hill, 531 ; *Hawley* v. *Lyme Regi's*, Cowper, 87 ; *Mayor of Lyme* v. *Henley*, 3 B. & Ad. 77 ; *Eastman* v. *Meredith*, 36 N. H. 289 ; *Whitcomb* v. *Cen. R. R. Co.*, 25 Vt. 68. 3. Damages of the character stated in this count may be recovered in such an action. 4.   The averment in the declaration is, that both fences and fence crossings were wanting. This is admitted by the

demurrer.   Proof that the injury resulted from the absence of either would therefore sustain the declaration.   5.   The special remedies given in the statute to compel the construction of fences and fence crossings, do not affect this right of action.   (a.)   They do not profess to afford any redress for damages actually sustained for want of them.   (b.)   If they did, such remedy would be cumulative merely. Otherwise it would be in derogation of a common law right.

*Levi Underwood*, for the defendants.

The declaration does not disclose a state of facts which renders the defendants liable.   The defendants are not declared against as a railroad corporation or as agents of a railroad corporation or as acting in or under a railroad corporation, but are declared against as individuals using and managing a railroad, and that by so doing it became their duty to build and maintain fences and cattle guards, as if it were a common duty imposed by the common law upon any person who owned a railroad.   If such is the law the first two counts are not open to the present objection.   The obligation of the owner of a railroad to fence its line and build cattle guards for the protection of the cattle of the adjoining land owner does not exist independent of legislative enactments.   It may be the duty of the owner of a railroad to fence if need be to keep its track clear for the security of its passengers, but as to an adjoining land owner it is otherwise.   *Hard* v. *Rut. & B. R. R. Co.*, 25 Vt. 116 ; *Jackson* v. *Same*, 25 Vt. 150 ; *Morse* v. *Same*, 27 Vt. 53.

The declaration does not allege that the Vermont and Canada Railroad was built, owned or controlled by a railroad corporation, or that the defendants were agents of a railroad corporation or were operating the same in any connection directly or indirectly with any railroad corporation, so as to be subject to the general law of this state upon that subject.   This statute is special, imposing a duty and liability not existing at common law—and imposes no duty or liability except upon the corporations and persons named in the law—*i. e.* upon *railroad corporations or its agents.*

There is additional reason why the last count in the declaration is defective.   It does not allege any injury to animals, but avers "that the plaintiff has been obliged to lay out and expend large sums of money to procure servants to guard and watch said cattle and horses

while driving them and his teams, over and across said railroad, from one part of the said plaintiff's farm to the other part of his said farm to prevent their straying and strolling upon said railroad track at said crossings," &c.

The opinion of the court was delivered by

PECK, J. This case was argued at the last term of this court upon general demurrer to the declaration, and held for consideration.

One of the grievances complained of in the first two counts is that the plaintiff's cattle were killed upon a certain railroad known as the Vermont and Canada Railroad, by an engine or locomotive which the defendants were running upon said railroad, by reason of the want of cattle guards and fences where the road crossed the plaintiff's farm and at the plaintiff's farm crossings on his land. The existence and necessity of such farm crossings are sufficiently alleged. The neglect of the defendants to fence their road through the plaintiff's farm, as well as their neglect to construct cattle guards at the plaintiff's farm crossings, and the killing of the plaintiff's cattle by an engine in the use of the defendants on the railroad in consequence of such neglect, are sufficiently averred.

It is not claimed by the defendants' counsel but that the two first counts would be sufficient if the action were against a railroad corporation. But it is insisted that there is not sufficient alleged to entitle the plaintiff to recover against these defendants. It is claimed that the facts alleged do not show a duty resting on these defendants to make or maintain fences or cattle guards.

The statute provides that, " each railroad corporation shall erect and maintain fences on the sides of their roads, so far as the same shall be necessary, of the height and strength of a division fence as required by law, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad, and also construct and maintain cattle guards at all farm and road crossings, suitable and sufficient to prevent cattle and animals from getting on to the railroad. Until such fences and cattle guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by their agents or engines to cattle, horses or other animals thereon if occasioned by want of such fences and cattle guards." It is not alleged that the defendants are a railroad corporation or

agents of such corporation, so that they do not come within the words of the statute. It is not alleged that the Vermont and Canada Railroad was constructed or owned by a corporation. Railroad corporations have the power given them to take lands for their road against the will of the proprietor, and are by the statute charged with the duty of maintaining division fences, and also cattle guards at necessary farm crossings; but it does not follow that the same duty would rest exclusively on an individual who might by contract construct a railroad for his own use through another's land. It would depend on their contract, at least so far as the proprietor of the land is concerned. There is no allegation in the declaration to show that this railroad is not of this character. But if the court could take judicial notice that the Vermont and Canada railroad was constructed by a railroad corporation, it is not alleged that the defendants are the agents of that corporation, or in what character or capacity they are using the road. It is not necessary to decide what the character or extent of the agency must be to come within the term *agent* used in the statute, because it is not alleged that the defendants are agents of any railroad corporation. But we do not consider it necessary to bring the defendants within the letter of the statute to charge them with this duty. If it were alleged that they were trustees, mortgagees, or lessees, in exclusive possession, use and occupancy of the road, holding it from and under a railroad corporation, it probably would be sufficient. In such case they would stand in the place of the corporation, exercising its rights, and consequently burdened with its duties. The declaration contains no such averment. It is true it is alleged that the defendants were in the possession, use and occupation, of the railroad; and is again alleged that they were engaged in using, running and operating the railroad for the transportation of freight and passengers by steam power thereon with divers engines, cars and machinery. But that is not sufficient to bring them within the statute. It is alleged also that by reason of so occupying, possessing and using said railroad through the plaintiff's farm, the defendant's were bound to make and maintain fences and cattle guards; but this is not an allegation of a fact, it is simply an attempt to draw a legal conclusion from what is previously alleged. It is not sufficient to charge such duty upon a

private individual, not imposed by law, nor resulting from facts previously alleged. It differs from the case of a duty imposed upon a public corporation by general law. In an action against a town for an injury occasioned by a defect in a highway, it would be sufficient to allege the existence of the highway in the town, and that it was the duty of the town to keep it in repair; because the duty to keep in repair all highways in existence in the limits of the town is imposed by a general law; but in an action against an individual for not keeping a road or way in repair, it would be necessary also to allege the ground of such liability. So far, therefore, as these two counts are based on the neglect of the defendants to maintain fences and cattle guards, they are insufficient. This conclusion disposes also of the third count, which is based entirely on the neglect to maintain fences and cattle guards.

But it is alleged in the first and second counts that the defendants by their servants, so carelessly, negligently and improperly drove, ran and used their locomotive in and along the railroad, that by and through the carelessness, negligence and improper conduct of the defendants by their servants in that behalf, the locomotive ran against and killed the plaintiff's cattle. This shows a good cause of action at common law. The plaintiff is therefore entitled to recover for whatever damage was done to his cattle by any carelessness or negligence of the defendants or their servants in the manner of running their locomotive on the occasion in question, which comes fairly within the scope of this allegation.

Judgment of the county court reversed and judgment that the first and second counts of the declaration are sufficient, and that the third count is insufficient, and case remanded to the county court.